UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYSHAWN L. YOUNG, d/b/a Tyshawn Young,

                             Plaintiff,

         v.

LYNN WESSEL KEAN [*sic*], Supreme Court Judge,
LAKEEMA ITHNA-ASHERI,
AMY TERROSE, Business Manager for Ellicott
  Center for the Nursing Home,
SARA HALL, Director of Social Worker [*sic*] for Ellicott
  Center for the Nursing Home,
JAMES LOCKWOOD, Director for Ellicott Center
  for the Nursing Home,
MENDIT PATH, Administrative [*sic*] for Ellicott Center
  for the Nursing Home,
EIAN KENEEDY,
HEIDI SMITH, R.N. for Ellicott Center for the
  Nursing Home,
MENDA PUTTIN, Administrator for Ellicott Center
  for the Nursing Home,
THOMAS J. QUATROCHE, Chief Executive Officer
  of Erie County Medical Center,
EMILY H. O'REILLY,
ASHLEY EASON, Administrator of Niagara Falls
  Rehab,
MATTHEW LAZROE, Attorney at Law,
DENNIS GLASCOTT, Clerk for Magistrate Lynn
  Weezll Kean [*sic*],
ARRON CHANG, President and CEO of Sister of
  Charity Hospital,
JOSEPH A. RUFFOLO, C.E.O. of Memorial Medical
  Center Hospital [*sic*],
SARAH ALESSI, C.E.O., and
MARK PESZKO,

                         Defendants.

_____

DECISION
and
ORDER

23-CV-800-LJV-LGF

APPEARANCES:          TYSHAWN L. YOUNG, *Pro se*
                             1440 Jefferson Avenue
                             Republic Suite 245
                             Buffalo, New York  14208

LETITIA A. JAMES
ATTORNEY GENERAL, STATE OF NEW YORK
Attorney for Defendants Justice Keane and Glascott
JOEL J. TERRAGNOLI
Assistant Attorney General, of Counsel
Main Place Tower
Suite 300A
350 Main Street
Buffalo, New York  14202

KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendants Terrose, Hall, Lockwood, Path
  Keneedy, Smith, Puttin, and Eason,
JOAN M. GILBRIDE, of Counsel
120 Broadway
14th Floor
New York, New York  10271

MAGAVERN, MAGAVERN & GRIMM
Attorneys for Defendants Quatroche and O'Reilly
RICHARD A. GRIMM, III, of Counsel
1100 Rand Building
14 Lafayette Square
Buffalo, New York 14203

MATTHEW ALLEN LAZROE, ESQ.
Attorney for Defendant Lazroe
MATTHEW ALLEN LAZROE, of Counsel
43 Court Street, Suite 1111
Buffalo, New York 14202

STILWELL VISCO
Attorneys for Defendant Chang
JOHN MICHAEL VISCO, of Counsel
424 Main Street
1825 Liberty Building
Buffalo, New York 14202

HUTCHESON, AFFRONTI & DEISINGER, P.C.
Attorneys for Defendant Ruffolo
ADAM P. DEISINGER, of Counsel
3755 Military Road
Niagara Falls, New York  14305

COSTELLO, COONEY & FEARON, PLLC
Attorneys for Defendant Peszko
PAUL G. FERRARA, of Counsel
500 Plum Street
Suite 300
Syracuse, New York 13204

By papers filed December 12, 2024 (Dkt. 81), Plaintiff moves to hold District Judge John L. Sinatra, Jr. and the undersigned in contempt of court ("Plaintiff's motion").  Although the precise basis for Plaintiff's motion cannot be discerned from the motion, the undersigned construes Plaintiff's motion as based on Plaintiff's disagreement with various decisions issued by Judge Sinatra and the undersigned in this action.  Judges, however, have absolute immunity for judicial conduct.  *See Stump v. Sparkman*, 435 U.S. 349, 356-37 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)); *Peoples v. Leon*, 63 F.4th 132, 138 (2d Cir. 2023) ("Absolute immunity for judges is 'firmly established' for acts 'committed within their judicial jurisdiction.'") (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).  Accordingly, there is no basis for holding either Judge Sinatra or the undersigned in contempt and Plaintiff's motion is thus DENIED on this ground.

Plaintiff's motion, construed in the alternative as seeking the recusal of both Judge Sinatra and the undersigned, must also be denied.[1]  Initially, by Text Order

---

[1] "Motions to recuse are non-dispositive."  *O'Neill v. Macy*, 2020 WL 14011062, at *1 n. 1. (W.D.N.Y. Sept. 28, 2020) (citing *Green v. Avis Budget Group, Inc*., 2017 WL 1435670, at *3 (W.D.N.Y. Apr. 24, 2017) (considering magistrate judge's order declining to recuse himself non-dispositive)).

entered May 7, 2025 (Dkt. 84), Judge Sinatra recused himself and the action was

reassigned to Hon. Lawrence J. Vilardo on May 8, 2025.  Accordingly, Plaintiff's motion,

construed as seeking Judge Sinatra's recusal, is DISMISSED as moot.

Liberally construing Plaintiff's motion, the only predicate mentioned upon which

Plaintiff seeks the undersigned's recusal is "Canon 3" of the Code of Conduct for United

States Judges, "which has a recusal requirement analogous to [28 U.S.C.] § 455.  *See*

*Canale v. Colgate-Palmolive Co.*, 2017 WL 112610, at * 4 (S.D.N.Y. Jan. 10, 2017).  As

relevant here, 28 U.S.C. § 445(a) provides that "[a]ny justice, judge, or magistrate judge

of the United States shall disqualify himself in any proceeding in which his impartiality

may reasonably be questioned," as well as in several circumstances external to the

actual proceeding such as the judge having personal knowledge of any relevant fact or

where he or she or a member of the judge's family has a financial interest in the

outcome of the case.  *See* § 455(b)(1), (4).  Section 455, however, is limited to

"circumstances in which the alleged impartiality 'stem[s] from an extrajudicial source.'"

*United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *Liteky v. United*

*States*, 510 U.S. 540, 544 (1994) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563,

583 (1966))).

In the instant case, Plaintiff fails to assert any actual basis for my recusal other

than repeatedly expressing anger and frustration with the treatment and care received

by Plaintiff's mother after guardianship and healthcare proxy were taken from Plaintiff

and granted to Defendant Ithna-Asheri pursuant to an order issued by Defendant

Justice Keane, which is the predicate for his action, and Plaintiff's apparent displeasure

that the undersigned has not rendered an order reversing Justice Keane's order.  A

party's displeasure with a judicial officer's decisions, however, does not support a request for the judicial officer's recusal based on bias.  *See Irazu v. Sainz De Aja*, 2023 WL 8447256, at *2 (2d Cir. Dec. 6, 2023) (quoting *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.")). Plaintiff's motion thus is without merit and should be DENIED.


## **<u>CONCLUSION</u>**

Based on the foregoing, Plaintiff's motion (Dkt. 81), is DENIED.

SO ORDERED.


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        June 3, 2025
              Buffalo, New York


Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).